# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

ROSEMARY JENKINS,

                Appellant,

        v.

UNITED STATES POSTAL SERVICE,

                Agency.

DOCKET NUMBER
DC-0752-11-0867-I-2

DATE: August 5, 2014

# THIS ORDER IS NONPRECEDENTIAL[1]

<u>Neil C. Bonney</u>, Esquire, Virginia Beach, Virginia, for the appellant.

<u>Stephen W. Furgeson</u>, Landover, Maryland, for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

**REMAND ORDER**

¶1      The appellant has filed a petition for review of the initial decision, which dismissed the appeal for lack of jurisdiction. For the reasons discussed below, we GRANT the appellant's petition for review and REMAND the case to the regional office for further adjudication in accordance with this Order.

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

## DISCUSSION OF ARGUMENTS ON REVIEW

¶2      Following an extended absence, the appellant submitted a CA-17 Duty Status Report indicating significant medical restrictions, and the agency issued the appellant a Notice of Proposed Placement on Enforced Leave, in which it cited the appellant's CA-17 report, informed the appellant that it had no available work that met her medical restrictions, and afforded her an opportunity to respond, *Jenkins v. U.S. Postal Service*, MSPB Docket No. DC-0752-11-0867-I-1 (I-1), Initial Appeal File (IAF), Tab 6, Subtab 4e.  The agency subsequently issued a decision upholding its proposal and placing the appellant on enforced leave for a period exceeding 14 days.  *Id.*, Subtab 4c.

¶3      As with the more typical enforced leave situations where an agency places an employee on enforced leave pending an inquiry into her ability to perform, or where an employee who is absent from work for medical reasons asks to return to work with altered duties and the agency denies the request, which are circumstances we analyze as a potential constructive suspension, *e.g.*, *Sage v. Department of the Army*, 108 M.S.P.R. 398, ¶ 5 (2008), the administrative judge adjudicated this appeal as a constructive suspension and dismissed it for lack of jurisdiction, *Jenkins v. U.S. Postal Service*, MSPB Docket No. DC-0752-11-0867-I-2 (I-2), IAF, Tab 15, Initial Decision (ID).  However, we find that this is not a constructive action, but is instead an adverse action taken under 5 U.S.C. chapter 75, over which the Board has jurisdiction pursuant to 39 U.S.C. § 1005(a)(4)(A)(ii), 5 U.S.C. §§ 7512(2), 7513(d), and 7701(a).  Thus, we must remand the appeal for adjudication on the merits.  *See Abbott v. U.S. Postal Service*, 2014 MSPB 47.[2]

---

[2] Although the Board generally does not accept additional pleadings on review after the close of the record, *see* 5 C.F.R. § 1201.114, we have considered the appellant's June 24, 2014 pleading, Petition for Review File, Tab 4, which requested that the Board apply the rationale set forth in the Board's June 23, 2014 Opinion and Order in *Abbott*, 2014 MSPB 47, to the facts of this particular matter.

¶4          Upon remand, because we have determined that the Board has jurisdiction over the appeal, the administrative judge should address the appellant's claim of harmful error.  Although the appellant argues in her petition for review that the agency's error in not providing the materials it relied on in support of its action pursuant to her attorney's written request is a due process issue requiring reversal of the agency's action, Petition for Review (PFR) File, Tab 1, for the following reasons, we agree with the administrative judge's determination that the agency's error is instead subject to a harmful error analysis, *see* ID at 8 n.3; I-2, IAF, Tab 11 at 5; I-1, IAF, Tab 25.

¶5          In her petition for review, the appellant argues that the agency's failure to provide the documents evidencing its search for work meeting her medical conditions "deprived her of her constitutional right to notice and to respond." PFR File, Tab 1 at 6.  However, in a situation like this one, "fundamental due process requires that the tenured public employee have 'oral or written notice of the charges against him, an explanation of the employer's evidence, and an opportunity to present his side of the story.'" *Barresi v. U.S. Postal Service,* 65 M.S.P.R. 656, 666 (1994) (quoting *Cleveland Board of Education v. Loudermill,* 470 U.S. 532, 546 (1985)).  In this regard, an agency's proposal letter must be sufficiently detailed to give an appellant notice of the charges against her in order to afford the appellant a meaningful opportunity to be heard.  *Barresi*, 66 M.S.P.R. at 666 (citing *Goldberg v. Kelly*, 397 U.S. 254, 267-68 (1970)). Here, the agency's explanation of its action, specifically that "no work is available to meet the restrictions established by [the appellant's] physician[,]" as those restrictions are set forth in the appellant's CA-17, is sufficiently detailed to give the appellant a meaningful opportunity to be heard.  *See* I-1, IAF Tab 4, Subtab 4e at 1; *see also Lee v. Department of Labor*, 110 M.S.P.R. 355, ¶ 11 (2008) (notice of a proposed adverse action providing advance notice of the underlying reasons for the action and an opportunity to respond satisfied minimum due process requirements) (citing *Barresi*, 65 M.S.P.R. at 666));

*Pollak v. Department of the Treasury*, 99 M.S.P.R. 187, ¶ 9 (2005) (minimum due process requires notice of the action, an explanation of the reasons for the action, and an opportunity to respond); *Rawls v. U.S. Postal Service,* 94 M.S.P.R. 614, ¶ 21 (2003) (advance notice providing an explanation of the agency's evidence and the opportunity to respond satisfies the due process requirements of *Loudermill*), *aff'd*, 129 F. App'x. 628 (Fed. Cir. 2005).

¶6    Thus, the administrative judge correctly identified the source of the rights implicated in this matter, as the right to an attorney during the adverse action process arises under statute and the appellant's right to review the materials which the agency relied upon in support of the proposed action derives from regulation.  ID at 8 n.3; *see* 5 U.S.C. § 7513(b)(3); 5 C.F.R. § 752.404(b)(1), (c). An agency's failure to comply with a statutory procedure provided in 5 U.S.C. § 7513 is not reversible error *per se*, but is instead considered under the harmful error standard, 5 C.F.R. § 1201.56(c)(3), under which the appellant must establish that the error is likely to have caused the agency to have reached a conclusion different from the one it would have reached in the absence or cure of the error. *E.g. Baracco v. Department of Transportation*, 15 M.S.P.R. 112, 119 (1983), *aff'd sub nom*, *Adams v. Department of Transportation*, 735 F.2d 488 (Fed. Cir. 1984).

¶7    Accordingly, we must remand the appeal for adjudication on the merits, including the appellant's harmful error claim as set forth above and the possible effect of the acceptance by the Office of Workers' Compensation Programs of a recurrence of the appellant's September 10, 2009 work-related injury.  *See* I-1, IAF, Tab 10 at 4-6.

**ORDER**

¶8    For the reasons discussed above, we REMAND this case to the regional office for further adjudication in accordance with this Remand Order.


FOR THE BOARD:              _____
                           William D. Spencer
                           Clerk of the Board

Washington, D.C.